UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO

ASOCIACIÓN DE EDUCACIÓN PRIVADA
DE PUERTO RICO, INC., et al.,

     Plaintiffs,                      Civil No. 03-1213 (JAF)

     v.

ALEJANDRO GARCÍA PADILLA,
SECRETARY OF THE DEPARTMENT OF
CONSUMER AFFAIRS OF THE
COMMONWEALTH OF PUERTO RICO,

     Defendant.

**OPINION AND ORDER**

Plaintiff Asociación de Educación Privada de Puerto Rico, Inc. brings this motion under 42 U.S.C. § 1988 (2006), seeking attorneys' fees following the final adjudication of this case. Docket Document No. 83-1. Defendant opposes, Docket Document No. 88, and Plaintiff replies, Docket Document No. 91.

**I.**

**Factual and Procedural History**

Plaintiffs brought an action under 42 U.S.C. § 1983 (2006) against Defendant Alejandro García Padilla, Secretary of the Department of Consumer Affairs of the Commonwealth of Puerto Rico ("DACO"), on March 4, 2003. Docket Document No. 1. On December 13, 2005, the district court issued a judgment in favor of Plaintiffs, finding that Rule 11 of DACO's Regulation 6458 and Puerto Rico's Law

No. 116, of May 18, 2004, violated the First Amendment of the United States Constitution. Docket Document No. 65. The court accordingly granted Plaintiffs' request for a permanent injunction enjoining DACO from enforcing Rule 11 and Law 116 against private schools in Puerto Rico. Id. Defendant appealed to the First Circuit. Docket Document No. 68. On April 12, 2007, the First Circuit affirmed in part and reversed in part, remanding the case to the district court to modify the judgment in accordance with its finding that Rule 11's disclosure requirement was not unconstitutional. Docket Document No. 81. Plaintiff Asociación de Educación Privada moved for attorneys' fees on May 4, 2007. Docket Document No. 83. We issued a final judgment pursuant to the First Circuit's findings on June 6, 2007. Docket Document No. 87. Defendant opposed Plaintiff's motion for attorneys' fees on June 12, 2007. Docket Document No. 88. Plaintiff replied on September 14, 2007. Docket Document No. 91.

## II.

### Analysis

Plaintiff has submitted a detailed accounting of its attorneys' expenses and hours worked. Docket Document No. 83-3. The attorneys billed Plaintiffs at a rate of $135 an hour for out-of-court work and $250 an hour for court appearances. Id. The total amount came to $59,011.29. Id.

Defendant argues that we should deny Plaintiff's request or reduce the award because (1) Plaintiff only partially prevailed, having failed to eliminate the disclosure requirement of Rule 11; (2) Plaintiff's request is untimely; and (3) the request is unreasonably excessive because it includes telephone conferences. Docket Document No. 88. We address each of these arguments in turn.

Pursuant to § 1988(b), a court may award the prevailing party attorneys' fees for suits brought under § 1983. § 1988(b). Even Plaintiffs who substantially prevail may not necessarily recover the totality of their requested fees. See Culebras Enters. Corp. v. Rivera-Ríos, 846 F.2d 94, 102 (1st Cir. 1988). Instead, we must calculate a reasonable fee award using the lodestar method. Id. "In implementing this lodestar approach, the judge first calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). Once calculated, "the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).

Defendant argues that we should reduce the award of attorneys' fees to reflect the fact that Plaintiffs did not prevail on every

Civil No. 03-1213 (JAF)                                                    -4-

part of their claim. Docket Document No. 88. Upon review of the complaint, however, we find that the First Circuit's holding that Rule 11's disclosure requirement passes constitutional muster represents a relatively minor defeat for Plaintiffs, who substantially prevailed on all of their claims. Docket Document No. 37. We, therefore, will not reduce the amount of the award on these grounds. Gay Officers Action League, 247 F.3d at 294-96.

Next, Defendant contends that we should deny Plaintiff's request because it is untimely. Docket Document No. 88. Defendant refers to Local Rule 39 of the First Circuit, requiring parties to seek attorneys' fees "within thirty days of the date of entry of the final circuit judgment." Id. In this case, the First Circuit issued a final judgment on April 12, 2007. Docket Document No. 81. Plaintiff requested attorneys' fees on May 4, 2007. Docket Document No. 83. We, therefore, find that Plaintiff's request was timely.

Finally, Defendant asserts that it was unreasonable of Plaintiffs' attorneys to bill their clients for telephone conferences. Docket Document No. 88. We fail to see why this is so. We do not detect any duplicative, excessive or unproductive charges in Plaintiffs' attorneys' accounting. Docket Document No. 83-3. We also find that the hourly rates are reasonable in light of community standards. See Quiles Quiles v. Henderson, No. 99-1868, 2007 U.S. Dist. LEXIS 18468, at *8 (D.P.R. Mar. 12, 2007) (surveying Puerto Rico market rates and finding rates of over $200 for experienced

attorneys to be reasonable). We, therefore, grant Plaintiff's request for attorneys' fees in the amount of $59,011.29.

### III.

### Conclusion

For the reasons stated herein, we **GRANT** Plaintiff's request for attorneys' fees, Docket Document No. 83-1, and award Plaintiffs' attorneys $59,011.29.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of November, 2007.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge